### Andy Houseman v. The State.

#### No. 3410.   Decided February 10, 1915.

**1.—Pandering—Indictment.**

Where the indictment, in a prosecution for pandering, did not conform to the Act of the Thirty-second Legislature, defining the offense of pandering, the same was insufficient, and the motion in arrest of judgment should have been sustained.

**2.—Same—Different Offense.**

See opinion suggesting, that under the evidence, an indictment might be found under another penal law denouncing the offense of procuring a female to become or remain in a house of ill-fame, etc.

Appeal from the District Court of Shackelford. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Sebastian* and *A. A. Clarke,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—In this case the appellant was convicted of pandering, the indictment alleging, omitting the formal parts, that appellant "by fraud and artifice and by duress of the person of Mrs. Andrew Houseman, a female, and by the abuse of his, the said Andy Houseman, position of confidence and authority with and over the said Mrs. Andrew Houseman, a female, procure and induce the said Mrs. Andrew Houseman, the said female, to submit her body and person to men, other than the said Andy Houseman, for the purpose of prostitution."

We have carefully read and studied chapter 23 of the Acts of the Thirty-second Legislature (page 29, Session Acts), defining the offense of pandering, and we fail to find any section thereof to which the allegations of the above indictment conform; presumably it was brought under the section which defines as an offense "any person who shall by fraud or artifice or duress of person, or by abuse of any position of confidence or authority, procure any female person to become or remain an inmate of a house of ill-fame, or to enter any place in which prostitution is encouraged or allowed." Under the evidence introduced in behalf of the State, if accepted as true by the jury, an indictment can

be framed under the above section under which a conviction would be sustained. But it will be noticed that the offense denounced is the procuring of a female person to *become or remain* in a *house* of ill-fame, or *enter* any *place* in which prostitution is encouraged or allowed. There is no allegation that defendant caused Mrs. Houseman to become or remain an inmate of a house of ill-fame, or enter a place where prostitution is encouraged or allowed. No matter how reprehensible the acts of a defendant may be, in this State it is provided by the Penal Code (art. 3) that in order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws may be appealed to, it is declared that no person shall be punished for any act or omission unless the same is made a penal offense by the written law of this State. The allegations contained in the above indictment do not charge a violation of any law of the State, and appellant's motion in arrest of judgment should have been sustained, the judgment set aside, and the cause dismissed because the indictment charged no offense.

Should it be desired to prosecute appellant further, it will be necessary to return a new indictment, and as the evidence for the State would show that appellant procured men to go to his home and have sexual intercourse with his wife, making a charge therefor, the indictment should allege that appellant by fraud and artifice and by duress of the person of Mrs. Andrew Houseman, and by the abuse of his position of confidence and authority as husband of Mrs. Andrew Houseman, he, the said defendant, did procure the said Mrs. Andrew Houseman, a female person, to become and remain an inmate of a house of ill-fame, and he, the said defendant, did procure, by the means aforesaid, Mrs. Andrew Houseman, a female person, to enter a place in which prostitution was encouraged and allowed in this State. This is not laid down as a form of indictment, but merely as suggestive of the necessary allegations to be made in this character of case, for it is made evident by the State's testimony that appellant's house had become a house of ill-fame and a place where prostitution was encouraged and allowed.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*